IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31336
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES RAY BURTON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 95-CR-60048
--------------------
July 23, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:*

Charles Ray Burton ("Burton"), federal prisoner #09147-035, appeals his resentencing for possession with the intent to distribute approximately 418 grams of cocaine base and 12 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). Burton argues that his conviction is unconstitutional because the indictment in his case was duplicitous and because the judge gave an ambiguous jury instruction.

Burton contends that under Apprendi v. New Jersey, 530 U.S. 466 (2000), the indictment in his case was defective because

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he was charged with possession of 418 grams of cocaine base and 12 grams of cocaine. Burton also argues that the district court erred when it instructed the jury that it could find him guilty of possession of cocaine base or cocaine.

The Supreme Court held in Apprendi that a fact which increases the punishment for a crime above the statutory maximum, other than a prior conviction must be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt. 530 U.S. at 488-490. This court held, in light of Apprendi "that if the government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841(b)(1)(A) or (B), the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt." United States v. Doggett, 230 F.3d 160, 164-65 (5th Cir. 2000), cert. denied, 121 S. Ct. 1152 (2001). Apprendi is inapplicable in Burton's case because the indictment included the quantity of drugs, and Burton's sentence does not exceed the statutory maximum.

Burton also argues that he should have been sentenced for possession of cocaine and not cocaine base. Because Burton was resentenced based on the fact that he was not a career offender, he is prohibited from raising this heretofore unasserted claim. See United States v. Marmolejo, 139 F.3d 528, 530-31 (5th Cir. 1998). Moreover, any such argument would be meritless. The district court did not err in sentencing Burton to 211 months' imprisonment because the evidence presented at trial supported a conviction for possession of cocaine base and thus the verdict was not ambiguous. See United States v. Green, 180 F.3d 216, 224-27 (5th Cir.), cert.

<u>denied</u>, 528 U.S. 1054 (1999). For the foregoing reasons Burton's conviction and sentence are AFFIRMED.