United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30255
c/w No. 04-30292
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

EMMETT SPOONER, JR.,

                              Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CR-145-ALL-D
--------------------

Before    DAVIS, SMITH and DENNIS, Circuit Judges

PER CURIAM:[*]

    Emmett Spooner, Jr., appeals his sentence of thirty-three months of imprisonment and three years of supervised release imposed on resentencing.  Spooner was convicted by a jury of three counts of mail fraud and three counts of wire fraud.

    Spooner contends that the district court erred by denying relief on his motion, challenging the indictment and the grand jury proceedings.  Spooner has not shown error in the district court's reason for dismissing his motion.  See United States v. Lee, 358

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 315, 321, 323 (5th Cir. 2004); United States v. Cothran, 302 F.3d 279, 286 n.7 (5th Cir. 2002).

Spooner challenges the district court's denial of his motion for a continuance of the resentencing hearing. He asserts that he would have presented evidence concerning the prior convictions that were used to determine his criminal history category.

Spooner's reasons for requesting a continuance concerned issues that exceeded the scope of this court's remand opinion. See Lee, 358 F.3d at 321, 323; United States v. Marmolejo, 139 F.3d 528, 531 (5th Cir. 1998). Spooner has not shown that the denial of a continuance caused him prejudice. United States v. Olaniyi-Oke, 199 F.3d 767, 771 (5th Cir. 1999). The denial of Spooner's motion for a continuance was not an abuse of discretion. Id.

Spooner contends for the first time on appeal that prior to his resentencing, the district court did not grant him the right of allocution. Spooner asserts that if he had been allowed to allocute, he would have asked the district court to reconsider the use of his prior convictions in determining his criminal history category, he would have challenged the restitution order, and he would have requested a downward departure based on his bi-polar disorder.

We review Spooner's argument for plain error. United States v. Reyna, 358 F.3d 344, 351 (5th Cir.) (en banc), cert. denied, 124 S. Ct. 1626 (2004). Although the denial of the right to allocution in the instant case was plain error that is presumed to have

affected substantial rights, we decline to exercise our discretion to correct the error because the error did not "'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Id. at 352-53.

Spooner challenges the district court's denial of his motion for release pending appeal of the judgment on resentencing. We rejected Spooner's motion for release pending appeal of the resentencing judgment initially and on reconsideration, and we will not reopen what we have already decided. See United States v. Phipps, 368 F.3d 505, 511 n.3 (5th Cir. 2004); United States v. Spooner, No. 04-30255 (5th Cir. May 14, 2004 and June 8, 2004) (unpublished).

Spooner asserts that the district court did not comply with the remand opinion. He argues that the district court should have resentenced him "as if [he] had not been sentenced (at all)." He asserts that the district court should have addressed all of his arguments concerning the use of his prior convictions, the restitution award, and his reasons for mitigation of punishment.

"'[O]nly those discrete, particular issues identified by the appeals court for remand are properly before the resentencing court.'" Lee, 358 F.3d at 321 (citation omitted). The district court properly refused to consider the issues asserted by Spooner that were not related to the U.S.S.G. § 3C1.1 issue specified in the remand opinion. See id. at 321, 323.

Spooner does not challenge in his initial brief the district court's finding on resentencing that the U.S.S.G. § 3C1.1 increase applied for obstruction of justice increase was not clearly erroneous. Accordingly, Spooner has abandoned any challenge to the district court's findings at resentencing. See United States v. Narviz-Guerra, 148 F.3d 530, 537 n.3 (5th Cir. 1998) (issue that is not briefed is abandoned). We do not consider Spooner's challenge to the district court's U.S.S.G. § 3C1.1 findings which are raised for the first time in Spooner's reply brief. United States v. Hoster, 988 F.2d 1374, 1383 (5th Cir. 1993).

Finally, Spooner asserts that his sentence was imposed in violation of Blakely v. Washington, 124 S. Ct. 2531 (2004). Spooner's argument is foreclosed by United States v. Pineiro, 377 F.3d 464, 466 (5th Cir. 2004), petition for cert. filed, (U.S. July 14, 2004) (No. 04-5263).

Accordingly, the judgment of the district court is AFFIRMED.