IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

NO. 97-20378

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee

VS.

REYNALDO MARMOLEJO

Defendant-Appellant

_____

Appeals from the United States District Court
for the Southern District of Texas

_____

April 21, 1998

Before JONES and SMITH, Circuit Judges, and SHAW,[*] District Judge.

JOHN M. SHAW, District Judge:

Reynaldo Marmolejo challenges his resentencing following remand, arguing that the district court erred in refusing to permit him to offer testimony on questions of acceptance of responsibility and obstruction of justice. We affirm.

I.

Reynaldo Marmolejo was charged in a superseding indictment with conspiracy to possess with intent to distribute cocaine and

_____

[*]District Judge of the Western District of Louisiana, sitting by designation.

marijuana, conspiracy to launder monetary instruments, and accepting bribes as a public official. A jury found Marmolejo guilty of all three counts.

The presentence investigation report found that Marmolejo had transported 200 kilograms of cocaine, setting a base offense level of 38. The report recommended increasing the base level because Marmolejo carried a gun during the transportation of drugs, abused his position of public trust as an agent of the Immigration and Naturalization Service, and obstructed justice by trying to persuade a co-defendant and fellow INS agent to lie and feign mental illness to suppress a prior confession.

Marmolejo objected to the enhancements based on obstruction of justice and possession of a firearm. The defendant further argued that he was entitled to a reduction in the base offense level because he admitted his involvement in the crimes to the probation officer and he was only a minor participant in the conspiracy.

At the defendant's original sentencing, the district judge declined to enhance Marmolejo's sentence for possession of a firearm because he found that the defendant did not display or brandish the firearm, and reduced the defendant's sentence for acceptance of responsibility and minor participation. The district judge further found that Marmolejo obstructed justice and abused his position of trust and enhanced his sentence based on those provisions.

The defendant appealed his convictions on the basis that they were not supported by sufficient evidence. The Government cross

appealed the sentence arguing that the district court erred in failing to enhance Marmolejo's sentence for possession of a firearm and for reducing the defendant's sentence upon a finding of acceptance of responsibility and being a minor participant.

In the first appeal, this court rejected the defendant's contentions and found merit in the Government's appeal, vacating Marmolejo's sentence and remanding it to the district court for resentencing consistent with its opinion. United States v. Marmolejo, 106 F.3d 1213 (5th Cir. 1997).

Specifically, this court held that Marmolejo had failed to carry his burden of showing that it was clearly improbable that the weapon he carried in connection with his duties as an INS agent was not connected with the drug-trafficking crime. Because Marmolejo had put the Government to its burden of proof by going to trial, by denying the essential factual element of guilt, and because Marmolejo's sentence had been enhanced for obstruction of justice, the court held that the district court had erred in adjusting Marmolejo's offense level downward for acceptance of responsibility. Finally, this court held that the district court erred in reducing Marmolejo's offense level as a minor participant under USSG § 3B1.2(b).

At the resentencing hearing after remand, the defendant sought to present evidence on the questions of acceptance of responsibility and obstruction of justice. Marmolejo also stated that he wanted to present evidence to demonstrate his minor role in

the offense.  He proffered his own testimony, in which he claimed he had not encouraged his co-defendant to feign mental illness.

The district court refused to hear evidence on the question of obstruction of justice because its original finding on that issue had not been challenged by either party on appeal. Also, the district court found the additional evidence offered on the question of acceptance of responsibility would not make a difference with the court because of statements previously made by the defendant to the court during his initial sentencing.  The district judge stated that there was enough evidence standing alone to find acceptance of responsibility was not appropriate.

II.

The sole issue on appeal before this court involves the determination of the scope of this court's remand order for resentencing.

Marmolejo argues that the district judge erred at the resentencing hearing following remand when he refused to hear new evidence presented on the issue of acceptance of responsibility and obstruction of justice. The defendant asserts that a resentencing hearing should be *de novo* unless the court of appeals expressly and specifically limits the scope of the remand.

Marmolejo submits that because this court did not specifically limit the scope of its remand order, the resentencing following remand should be *de novo*,

4

requiring the district court to hear all evidence offered regarding the defendant's sentencing regardless of whether those issues were challenged on appeal.

The issue involving the scope of a remand for resentencing has caused a significant split in the circuits. The appellant has cited the majority view among the circuits that sentencing following remand should be conducted *de novo* and is not limited only to the reasons for the remand. United States v. Smith, 116 F.3d 857 (10th Cir. 1997); United States v. Jennings, 83 F.3d 145 (6th Cir. 1996); United States v. Atehortva, 69 F.3d 679 (2d Cir. 1995); United States v. Ponce, 51 F.3d 820 (9th Cir. 1995); United States v. Cornelius, 968 F.2d 703 (8th Cir. 1992).

The general proposition regarding the scope of this court's remand order has never been addressed entirely by this court. This court has held that once an issue is remanded for resentencing, all new matter relevant to that issue appealed, reversed, and remanded, may be taken into consideration by the resentencing court.

In United States v. Kinder, 980 F.2d 961 (5th Cir. 1992), the court stated:

> It is a fundamental principle of sentencing that a district court may conduct an inquiry broad in scope, largely unlimited either as to the kind of information it may consider, or the source from which such information may come. The scope of a remand for resentencing includes new

5

> relevant factors proper in a *de novo* review. In the interest of truth and fair sentencing a court should be able on a sentence remand to take new matters into account on behalf of either the government or the defendant.

Although <u>Kinder</u> grants a district court wide discretion in conducting an inquiry into the underlying facts and evidence necessary in determining a defendant's sentence, the holding is limited to the gathering of relevant facts and evidence on the specific and particular issues heard by the appeals court and remanded for resentencing. In this appeal, we are asked to decide whether Marmolejo, whose case we have remanded to the district court for resentencing may there raise for the first time issues that are unrelated to the reason for the remand.

The minority view among the circuits states that only those discrete, particular issues identified by the appeals court for remand are properly before the resentencing court, adopting a waiver approach. <u>United States v. Whren</u>, 111 F.3d 956 (D.C.Cir. 1997); <u>United States v. Parker</u>, 101 F.3d 527 (7th Cir. 1996).

At the defendant's original sentencing, and over the defendant's objection to the presentence investigation report, the district court found that there existed sufficient evidence in the record to support an enhancement for obstruction of justice. The district

6

court's ruling on the issue of Marmolejo's enhancement for obstruction of justice was never appealed by either the defendant or the Government, thus becoming the law of the case. We hold that the district court correctly refused to hear new evidence relating to Marmolejo's sentence enhancement for obstruction of justice because that determination was not before the district court on remand.

This court specifically rejects the proposition that all resentencing hearings following a remand are to be conducted *de novo* unless expressly limited by the court in its order of remand. This case was remanded for resentencing. The fact that the appellate court did not expressly limit the scope of the remand order did not imply that a full blown sentencing hearing was permissible for a second time, allowing evidence on all issues that would affect the sentencing guidelines.

As stated by the minority view, we, too, reject the *de novo* approach, because such an approach merely gives a defendant a "second bite at the apple." <u>Whren</u>, at 959. It serves both justice as well as judicial economy to require a defendant to raise all relevant and appealable issues at the original sentencing rather than allowing a defendant to revisit issues with the benefit of this court's opinion.

The only issues on remand properly before the

7

district court are those issues arising out of the correction of the sentence ordered by this court. In short, the resentencing court can consider whatever this court directs--no more, no less. All other issues not arising out of this court's ruling and not raised before the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below.

On the issue of acceptance of responsibility, at resentencing, the district court held that any evidence offered by the defendant would not add to the court's finding based upon the evidence already received in the record. The court stated that there existed enough evidence standing alone to find acceptance of responsibility was not appropriate. The defendant continued to minimize his involvement in the offense and had not fully accepted responsibility for his actions. Evidence against obstruction of justice would affect the finding on acceptance of responsibility only if the court made the finding solely because of the conflict between the two provisions. Here, the court explicitly denied the acceptance-of-responsibility reduction for reasons unrelated to obstruction of justice. Even after hearing the defendant's proffer, the district court found that the additional evidence proffered still had no effect upon his determination on the issue of

8

acceptance of responsibility.

The district court's finding on the issue of acceptance of responsibility can only be disturbed if found to be clearly erroneous. The court below took evidence on acceptance of responsibility at the original sentencing, and accepted a proffer of evidence at the second sentencing hearing. Additionally, as noted in this court's opinion, the adjustment is ordinarily not appropriate when the defendant insists upon his right to trial and denies the essential elements of guilt. Marmolejo, at 1216.

Under USSG § 3E1.1(a) a defendant must show "recognition and affirmative acceptance of personal responsibility for his criminal conduct." Note 2 of USSG § 3E1.1 provides that, although a defendant may receive this reduction even if he proceeded to trial, the adjustment "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the

essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."

The district court did not refuse to hear additional evidence on acceptance of responsibility. Rather, the court made a finding based upon the evidence already in the record and after the benefit of proffered evidence, that a reduction based upon acceptance of responsibility was not appropriate under the facts presented to the court.

The district court's finding on the question of acceptance of responsibility is ordinarily given great deference on appeal because the determination involves an assessment of credibility. We find that the court's determination was not clearly erroneous.

Finally, Marmolejo argues that although not expressly raised on first appeal, the question of obstruction of justice was so intertwined with the issue of acceptance of responsibility that the district court could properly hear evidence on both issues. This court's opinion reflects the close relationship between the two issues. Marmolejo, 106 F.3d at 1217.

Although the issue of obstruction of justice impacted the issue of defendant's acceptance of responsibility, it did not resuscitate the issue *de novo.* This relationship was discussed at some length in this court's opinion, merely to explain the interplay of

10

a defendant's obstruction with his denial of credit for acceptance of responsibility.

Additionally, the record reflects that the district court accepted a proffer on both issues, but found that the evidence offered by the defendant to deny Marmolejo's involvement in obstruction of justice would not assist him in his request for a reduction based upon acceptance of responsibility.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.