IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 99-50878
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK GENE MALMSTROM, also known as Rick Malmstrom,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-95-CR-50-12
--------------------
June 14, 2000

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:*

Patrick Gene Malmstrom appeals his sentence following remand for conspiring to commit, and aiding and abetting, bank fraud. Malmstrom argues that the district court erred in sentencing him under the intended-loss standard and that he was sentenced in violation of his Sixth Amendment confrontation rights, as the district court's findings regarding which loans were fraudulent were based on bald assertions contained in the

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presentence report and the prosecutor's unsworn statements at resentencing.

In Malmstrom's first appeal of his bank-fraud conviction, the only issue this court identified for remand was the determination of the dates Malmstrom joined and left the criminal venture. See United States v. Morrow, 177 F.3d 272, 303 (5th Cir. 1999). The issue whether the intended-loss standard applied was thus not properly before the district court at resentencing. See United States v. Marmolejo, 139 F.3d 528, 530-31 (5th Cir. 1998). Since the Morrow court had determined that the intended- loss standard was applicable, 177 F.3d at 301, the district court was, and this panel is, barred by the law-of-the-case doctrine from examining whether the intended-loss standard applied. See United States v. Becerra, 155 F.3d 740, 752-53 (5th Cir. 1998). Furthermore, as the issue of which loans were fraudulent was also not properly before the district court on remand, see Marmolejo, 139 F.3d at 530-31, Malmstrom had no right to raise that issue.

**AFFIRMED.**