IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-20268
_____


UNITED STATES OF AMERICA

                              Plaintiff - Appellee

     v.

MARK R SKELTON

                              Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CR-169-1
_____
April 4, 2001

Before KING, Chief Judge, and REAVLEY and JONES, Circuit Judges.

PER CURIAM:[*]

     The district court did not err in refusing to reconsider the

four-level upward adjustment under the Sentencing Guidelines of

the sentence of Defendant-Appellant Mark R. Skelton.  See U.S.

SENTENCING GUIDELINES MANUAL § 2F1.1(b)(7)(A) (1998).  This court's

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

opinion in Skelton's initial appeal limited the district court on resentencing to recalculation of the special assessment and the amount of restitution. "[T]he resentencing court can consider whatever this court directs – no more, no less. All other issues not arising out of this court's ruling and not raised before the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below." United States v. Marmolejo, 139 F. 3d 528, 531 (5th Cir. 1998). We are not persuaded that Skelton could not have raised in his initial appeal the issue of whether affirmance of his conviction on less than all counts required reconsideration of the determination that Skelton's offense substantially jeopardized the soundness of Westheimer Bank.

Skelton's further argument that, under the Supreme Court's decision in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), facts affecting his sentence were required to have been proved to a jury beyond a reasonable doubt is foreclosed by this court's opinions in United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000) (stating that Apprendi is "limited to facts which increase the penalty beyond the statutory maximum, and does not invalidate a court's factual finding for the purposes of determining the applicable Sentencing Guidelines"), and United States v. Meshack, 225 F.3d 556, 576-77 (5th Cir. 2000), cert. denied, 121 S. Ct. 834 (2001), amended on reh'g in part, --- F.3d ----, 2001 WL 224656 (2001).

Skelton's sentence is therefore AFFIRMED.