IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20624
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES OSCAR COOPER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-90-CR-403-1
--------------------
August 9, 2002

Before JOLLY, JONES, and PARKER, Circuit Judges.

PER CURIAM:[*]

James Oscar Cooper argues that the district court clearly erred at resentencing by enhancing his offense level for the possession of a firearm in connection with drug-trafficking activity because the Government failed to prove a nexus between the drug-trafficking, the weapons, and himself.

There was sufficient evidence to support a finding that weapons were located in the immediate area of Cooper's drug-trafficking activity and could have been used if necessary during

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the drug transactions.  There was also evidence that coconspirators of Cooper used weapons in connection with the drug-trafficking conspiracy and that such use was foreseeable to Cooper.  Thus, the district court did not clearly err in making the enhancement under U.S.S.G. § 2D1.1(b)(1).  See United States v. Jacquinot, 258 F.3d 423, 431 (5th Cir. 2001), cert. denied, 122 S. Ct. 925 (2002); United States v. Thomas, 120 F.3d 564, 574 (5th Cir. 1997).

Cooper argues that the district court erred in determining that it could not conduct a de novo review of sentencing issues raised for the first time at resentencing.  Cooper's arguments relative to the drug quantity attributed to him and the enhancement for a leadership role in the offense could have been raised in his initial appeal.  Therefore, the district court properly refused to consider these issues at resentencing.  See United States v. Marmolejo, 139 F.3d 528, 531 (5th Cir. 1998).

Cooper also argues that the district court erred in refusing to depart downward at resentencing in light of his exemplary behavior during his incarceration.  Because the district court determined that a departure was not warranted based on the facts of the case, this court lacks jurisdiction to review the district court's refusal to depart downward.  United States v. Brace, 145 F.3d 247, 263 (5th Cir. 1998) (en banc).

Cooper argues that his 240 month sentence when aggregated with his three-year term of supervised release exceeds the

maximum statutory penalty that can be imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Cooper was sentenced in accord with 21 U.S.C. § 841(b)(1)(C) and, thus, his sentence does not exceed the statutory maximum in violation of Apprendi.  See United States v. Doggett, 230 F.3d 160, 164-65 (5th Cir. 2000), cert. denied, 531 U.S. 1177 (2001).

Cooper motion for appointment of counsel to make an oral argument is DENIED.

Cooper's sentence is AFFIRMED.