United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20978
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLORITA BELL GRIFFIN; JOE LEE WALKER,

Defendants-Appellants.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-379-1
---------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Florita Bell Griffin and Joe Lee Walker appeal from their
resentencing following our remand of this case. United States v.
Griffin, 324 F.3d 330, 365-68 (5th Cir. 2003). In our prior
opinion, we vacated their sentences and remanded for resentencing
because the district court had erroneously concluded that the
offense involved more than one bribe for the purpose of the
application of U.S.S.G. § 2C1.1(b)(1) and because it had
miscalculated the value of the benefit received from the offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for the purpose of the application of U.S.S.G. § 2C1.1(b)(2). Id. at 365-67.

We also questioned the propriety of the award of restitution. Id. at 367-68. This court remanded the case and directed the district court to "conduct a hearing to determine [Kenneth] Mitchell's status as a 'direct and proximate' victim,' and the amount of restitution that [was] 'attributable to the specific conduct supporting the offense of conviction.'" Id. at 368.

Walker's sole argument on appeal is that the district court erred in failing to award a two-level reduction for his minor role in the offense. Walker was not awarded a reduction for his minor role in the offense at his first sentencing, and the issue was not raised in Walker's first appeal. Id. at 347-68. Walker has waived the issue. See United States v. Marmolejo, 139 F.3d 528, 530-31 (5th Cir. 1998); Eason v. Thaler, 73 F.3d 1322, 1329 (5th Cir. 1996).

Griffin avers that the district court exceeded this court's mandate when it recalculated her base offense level using the money-laundering statute. She also contends that the district court exceeded this court's mandate by making new findings with regard to the amount of restitution. Griffin maintains that the only issues before the court were whether the credit card charges could be included in the restitution calculation and whether Mitchell was a proximate victim.

Making the changes in Griffin's sentence as required by this court on remand, i.e., that the offense involved only one bribe and adjusting the value of the benefit received from the offense, resulted in the offense level for the money-laundering count of conviction being higher than the offense level for the bribery conviction. Thus, under the grouping rules, the applicable offense level was the offense level for money laundering. U.S.S.G. §§ 3D1.3(a), 2S1.1, 2C1.1. Moreover, the calculation of Griffin's sentence under the money-laundering guideline was not an issue that was forgone by the original appeal. Rather, the district court followed this court's mandate and made the changes in her sentence. Marmolejo, 139 F.3d at 531.

With regard to Griffin's challenge to the restitution order, Griffin does not contend that the district court erred in finding that Mitchell was a "proximate victim." Nor does she contend that the specific amounts that the district court found to be attributable to the offense conduct were wrong. Accordingly, she is deemed to have abandoned the issues on appeal. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

As the district court observed, this court, by directing it to hold a hearing to determine whether Mitchell was a "proximate victim" and whether he was entitled to restitution, did not limit the district court to hear new evidence with regard to the losses sustained by Mitchell as a result of the offense conduct. Rather, full consideration of the restitution issue was necessary

to implement the letter and spirit of this court's mandate.

United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002),

cert. denied, 538 U.S. 938 (2003).

In addition, the law-of-the-case doctrine does not apply where the evidence at the subsequent proceeding is substantially different. Id. Here, different evidence was produced during a proceeding authorized by this court's mandate. This was not a case where this court did not leave the issue open for decision or did not authorize the district court to consider additional evidence. United States v. Becerra, 155 F.3d 740, 754 (5th Cir. 1998). Given the foregoing, the judgment of the district court is AFFIRMED.

AFFIRMED.