United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30006
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHANNON TAYLOR, also known as Shandoe,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CR-50101-7
---------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Shannon Taylor appeals the sentence imposed on remand
following his guilty-plea conviction for conspiracy to possess
with intent to distribute cocaine base. He argues that the
district court used information protected by an immunity
agreement to calculate his sentencing range under the Sentencing
Guidelines in violation of U.S.S.G. § 1B1.8. In view of the
evidence presented at the evidentiary hearing on remand, Taylor
has not shown that the district court erred in finding that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government established the evidence used to calculate Taylor's offense level was obtained from legitimate independent sources -- his codefendants, Dale Anderson and Marcus Wemberly.  See United States v. Cantu, 185 F.3d 298, 301 (5th Cir. 1999).

Taylor also argues that his sentence should be vacated in view of Blakely v. Washington, 124 S. Ct. 2531 (2004).  Taylor acknowledges that the issue is foreclosed by United States v. Pineiro, 377 F.3d 464, 473 (5th Cir. 2004), petition for cert. filed, (U.S. July 14, 2004) (No. 04-5263), but states that he is raising it to preserve it for further review.**  "[O]nly those discrete, particular issues identified by the appeals court for remand are properly before the resentencing court."  United States v. Marmolejo, 139 F.3d 528, 530 (5th Cir.1998) ("Marmolejo II").  In Taylor's first appeal, this court vacated his sentence because Taylor's plea agreement contained a use immunity agreement and remanded for an evidentiary hearing concerning whether the Government obtained the information in the Presentence Report concerning the drug quantity attributable to Taylor from an independent source.  Taylor, 277 F.3d at 725-27.  Therefore, this was the only issue before the district court on remand.  Because Taylor could not have challenged the sentencing enhancements in the district court on remand, he may not raise this issue on appeal after remand.  See Marmolejo II, 139 F.3d at

---

** In Pineiro, this court held that Blakely does not apply to the federal Sentencing Guidelines.  Id.

530.  Therefore, we will not address Taylor's argument that the district court erred in calculating his sentence under the Guidelines in view of <u>Blakely</u>.

AFFIRMED.