**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-10059
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MILENA FLOYD,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CR-19-4-L

---

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Milena Floyd was convicted by a jury of conspiracy to commit mail fraud and aiding and abetting mail fraud in violation of 18 U.S.C. §§ 371 and 1341. Floyd argues that in view of Blakely v. Washington, 124 S. Ct. 2531 (2004), the district court erred in calculating her offense level using guideline factors that were neither admitted by her not charged and found by a jury beyond a reasonable doubt. The Government argues that Floyd's argument challenging the enhancements to her offense level is barred by the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

law of the case doctrine. "[O]nly those discrete, particular issues identified by the appeals court for remand are properly before the resentencing court." United States v. Marmolejo, 139 F.3d 528, 530 (5th Cir.1998) ("Marmolejo II"). In Floyd's first appeal, we determined that the district court erred in finding that Floyd had a prior conviction, vacated her sentence, and remanded for resentencing in accordance with our opinion. Floyd, 343 F.3d at 373. Therefore, the only issue before the district court on remand was whether Floyd had a prior conviction which should be included in determining her criminal history category. Because Floyd could not have challenged the sentencing enhancements in the district court on remand for resentencing, she may not raise this issue on appeal after remand. See Marmolejo II, 139 F.3d at 530. Therefore, we will not address Floyd's argument that the district court erred in calculating her offense level using guideline factors that were not admitted by Floyd or charged and found by a jury beyond a reasonable doubt.

Floyd argues that the district court abused its discretion in denying her motion for a downward departure based on the probation officer's bad faith. She argues that the district court's decision is reviewable because the court's statements at the sentencing hearing indicate that it did not believe that it had the discretion to grant the motion. The record of the resentencing hearing indicates that the district court denied the motion because it determined that Floyd did not present sufficient evidence to

establish that the probation officer acted in bad faith, and not based on the erroneous belief that it did not have the legal authority to grant the motion. Therefore, the district court's denial of Floyd's motion for a downward departure is not reviewable. See United States v. Buck, 324 F.3d 786, 797 (5th Cir. 2003).

**AFFIRMED.**