United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51740
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ANTONIO CAMPOS-CRUZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-252
--------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

       Antonio Campos-Cruz appeals his guilty plea conviction for

being found illegally in the United States and the sentence

imposed following a remand and resentencing to a term of

imprisonment of 77 months.  Resentencing was ordered in light of

the decision in United States v. Booker, 523 U.S. 224 (1998).

       Campos-Cruz argues for the first time on appeal that his

guilty plea was not knowingly and voluntarily entered because the

district court did not advise him that he could be subject to a

two-year maximum penalty if he was convicted under 8 U.S.C.

_____

       [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1326(a).  This issue was not raised in Campos-Cruz's initial appeal and is not within the scope of the limited remand for resentencing.  See United States v. Marmolejo, 139 F.3d 528, 531 (5th Cir. 1998).  Nor has he shown that the determination of this issue was clearly erroneous or resulted in a manifest injustice, which are exceptions to the limited remand rule.  See United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002).  Thus, the court will not review this claim.

Campos-Cruz further argues for the first time on appeal that the district court erred in enhancing his sentence based on his prior drug-trafficking offense because the Government failed to show that he was actually the person who committed that offense.  Campos-Cruz did not challenge the enhancement on this basis prior to his initial sentencing, and he did not raise this claim in his initial appeal.  The determination of this issue was not affected by Booker and, thus, was not within the scope of the limited remand.  See Marmolejo, 139 F.3d at 531.  Nor has Campos-Cruz shown that this enhancement was clearly erroneous or resulted in a manifest injustice.  See Matthews, 312 F.3d at 657.  Thus, this claim is not subject to review.

Lastly, Campos-Cruz repeats his argument unsuccessfully made in his initial appeal that his sentence under § 1326(b) is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  This argument should not be reconsidered in light of the

law of the case doctrine.  See <u>United States v. Becerra</u>, 155 F.3d 740, 752-53 (5th Cir. 1998).

AFFIRMED.