United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10598
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOHNNY MOJICA

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-353-3
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Johnny Mojica appeals the sentence imposed following his
resentencing for his jury trial conviction for possession with
intent to distribute an amount of more than five kilograms of
cocaine.  Mojica was resentenced to a term of imprisonment of 151
months, to be followed by a five-year term of supervised release.

Mojica argues that the district court violated his rights
recognized in United States v. Booker, 543 U.S. 220 (2005), by
determining the drug quantity attributable to him by a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

preponderance of the evidence.  He contends the jury should have made this determination by proof beyond a reasonable doubt. He argues that the district court's consideration of drug quantity rendered his sentence unreasonable under 18 U.S.C. § 3553.

The Government has filed a motion to dismiss or summarily affirm the appeal or, alternatively, for an extension of time to file its brief.

Mojica's arguments are without merit.  By rendering the Sentencing Guidelines advisory only, Booker eliminated the Sixth Amendment concerns that prohibited a sentencing judge from finding all facts relevant to sentencing.  United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).  Post-Booker, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." Id.; United States v. Johnson, 445 F.3d 793, 798 (5th Cir.), cert. denied, 126 S. Ct. 2884 (2006).

Further, Mojica cannot complain about the district court's determination of drug quantity because he did not raise that issue in his first appeal, and, thus, its consideration is barred by the law of the case doctrine.  United States v. Marmolejo, 139 F.3d 528, 531 (5th Cir. 1998); United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002).

Mojica has not shown that his sentence is unreasonable.

The motion of the Government for summary affirmance is GRANTED, its request for dismissal or an extension of time to file its brief is DENIED.

AFFIRMED.