United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20556
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 4:02-CR-36-5
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Armando Perez appeals the sentence imposed following his re-sentencing for his guilty-plea conviction of aiding and abetting to possess with intent to distribute 100 kilograms or more of marihuana and conspiracy to possess with intent to distribute 100 kilograms or more of marihuana. He argues that the district court violated his due process rights by calling and questioning a sen-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tencing witness to establish the amount of drugs attributable to him as relevant conduct.  As conceded by Perez, the district court was within its discretion to call and question a witness.  See FED. R. EVID. 614(a), (b).  Perez has not shown that the district court plainly erred by eliciting information from the witness and thereby increasing the sentence.  See United States v. Olano, 507 U.S. 725, 732 (1993).

Perez claims that, assuming that the sentencing witness was credible and the applicable standard of review was a preponderance of the evidence, the witness's testimony was insufficient to establish the quantity of drugs attributed to him as relevant conduct. Even if Perez preserved this issue for appeal, he has failed to show that the district court clearly erred in holding him responsible for the total amount of marihuana attributed to him.  See United States v. Betancourt, 422 F.3d 240, 247 (5th Cir. 2005).

Perez contends that the district court's use of a mere preponderance-of-the-evidence standard in assessing relevant conduct violated his due process rights and was contrary to 18 U.S.C. § 3553(a)(2)(A).  This argument was preserved for our review. United States v. Marmolejo, 139 F.3d 528, 531 (5th Cir. 1998).  The district court can make all factual findings relevant to a post-Booker[1] guidelines sentence based on a preponderance of the evidence.  United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert.

---

[1] United States v. Booker, 543 U.S. 220 (2005).

2

<u>denied</u>, 126 S. Ct. 43 (2005).  Perez has not provided any binding authority for his argument that either the Due Process Clause of the Fifth Amendment or § 3553(a)(2)(A) requires proof beyond a reasonable doubt at sentencing.  The district court did not err in employing the preponderance standard.

Perez contends that he did not validly waive his right to conflict-free defense counsel and that his counsel's actual conflict of interest prejudiced him.  Because examination of the record shows that Perez waived his right to conflict-free counsel at the <u>Garcia</u>[2] hearing, his challenge is barred.  <u>See</u> <u>United States v. Howton</u>, 688 F.2d 272, 276 (5th Cir. 1982).

Perez contends that because this court has held that a sentence within a properly calculated guidelines range is reasonable unless there is a basis for concluding the sentence was unreasonable in light of the factors set forth in 18 U.S.C. § 3553(a), the district court's sentencing discretion was circumscribed, so the sentence violates his Sixth Amendment rights.  Perez acknowledges that this argument is foreclosed by our precedent. In any event, post-<u>Booker</u>, we review sentences for unreasonableness.  The district court examined the factors in § 3553(a) in arriving at the sentence, and Perez has not contended that the sentence is unreasonable in any respect.

AFFIRMED.

---

[2] <u>United States v. Garcia</u>, 517 F.2d 272 (5th Cir. 1975).