United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 31, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-20554
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL LORENZO GARCIA,

Defendant-
Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-36-1
-----------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Manuel Lorenzo Garcia appeals his 168-month sentence imposed following his resentencing for his guilty plea conviction for aiding and abetting in the possession with intent to distribute more than 100 kilograms of marijuana and conspiracy to possess with intent to distribute more than 100 kilograms of marijuana.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia argues that the district court failed to comply with this court's mandate at resentencing because it imposed the same sentence initially imposed. In implementing a mandate upon remand, the district court "must proceed within the letter and spirit of the mandate by taking into account the appeals court's opinion and the circumstances it embraces." *United States v. Piniero*, 470 F.3d 200, 205 (5th Cir. 2006). The district court complied with this court's mandate by allowing Terry Blevins to testify and assessing the credibility of his testimony with respect to drug quantity.

Garcia argues that the preponderance of the evidence did not show that Blevins was credible or that he was responsible for distributing over 3000 kilograms of marijuana. Post-*Booker*[**], this court continues to review the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. *United States v. Villanueva*, 408 F.3d 193, 202, 203 & n.9 (5th Cir.), *cert. denied*, 126 S. Ct. 268 (2005). Blevins's testimony on direct and cross-examination in addition to the testimony of the case agent allowed the district court to evaluate the credibility of Blevins's testimony.

Blevins's testimony showed that his various trips to Houston to transport marijuana were all part of the same course of conduct and, thus, constituted relevant conduct. Based upon Blevins's testimony, the district court did not clearly err in determining that Garcia was responsible for over 3000 kilograms of marijuana. *United States v. Cabrera*, 288 F.3d 163, 172 (5th Cir. 2002).

Garcia argues that he was deprived of due process and his right to a jury trial because he was sentenced based on findings not admitted by him and not determined by a jury contrary to the holdings in *Blakely v. Washington*, 542 U.S. 296 (2004) and *Booker*. He asserts that his rights under the Fifth, Sixth, and Fourteenth Amendments and the Equal Protection Clause were violated.

---

[**] *United States v. Booker*, 543 U.S. 220 (2005).

This court has determined that a district court can make all factual findings necessary to determine a post-*Booker* sentence based on the preponderance of the evidence and such findings do not violate the Sixth Amendment. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). *Mares* also implicitly rejected any claim based on the Fifth Amendment. Id. Garcia has not asserted any basis for an equal protection claim.

Garcia argues that the district court failed to consider the appropriate sentencing factors, including those listed in 18 U.S.C. § 3553(a). Garcia did not make this objection in the district court, and thus, review is for plain error. *United States v. Olano*, 507 U.S. 725, 731-37 (1993).

After *Booker*, appellate courts ordinarily will review sentences for reasonableness. *Booker*, 543 U.S. at 261-63; *Mares*, 402 F.3d at 520. This requires the court to calculate the applicable guideline range, and "[i]f the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in [its] reasonableness review [this court] will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." ***Id***. at 519. "If the sentencing judge follows the principles set forth above, commits no legal error in the procedure followed in arriving at the sentence, and gives appropriate reasons for her sentence, [this court] will give great deference to that sentence." *Id*. at 520.

A review of the transcripts of the initial sentencing hearing and the resentencing hearings shows that the district court considered the § 3553(a) factors and imposed a sentence at the bottom of the sentencing guidelines range. We infer that the district court considered all factors necessary to impose a fair sentence, and the record does not reflect that the sentence is unreasonable. *Mares*, 402 F.3d at 519-20. Thus, the district court did not plainly err in imposing sentencing.

Garcia argues that he was improperly deemed a major participant in the criminal activity, arguing that he was an equal coconspirator. As a general rule, "issues not raised before the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below." *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998). Garcia did not raise this issue in his first appeal, and he has not shown that the argument falls within any of the exceptions to the limited remand rule. *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). This argument is not subject to review. *Id.*

Garcia argues that his trial counsel's representation of him and his two co-defendants constituted a conflict of interest that deprived him of effective representation. Contrary to Garcia's assertion, the district court fully addressed the conflict of interest issue at a *Garcia*[***] hearing. The record reflects that Garcia knowingly and voluntarily waived his right to assert a claim of ineffective assistance of counsel based on a conflict of interest. *United States v. Grieg*, 967 F.2d 1018, 1021 (5th Cir. 1992).

Garcia's sentence is AFFIRMED.

---

[***] *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975), *abrogated on other grounds*, *Flanagan v. United States*, 465 U.S. 259 (1984).