# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-40436
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAIME ALVAR CARVAJAL

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CR-109-4

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jaime Alvar Carvajal appeals the sentence imposed by the district court on remand for resentencing following United States v. Booker, 543 U.S. 220 (2005). Carvajal argues that the sentence imposed by the district court is unreasonable because the district court did not make an independent determination of the appropriate sentence under Booker, did not consider the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factors in 18 U.S.C. § 3553(a), and placed too much emphasis on the Sentencing Guidelines.

Carvajal has not shown that the district court abused its discretion in imposing the 210-month sentence or that the sentence was unreasonable. Because the sentence was within the applicable guidelines range, it is entitled to a presumption of reasonableness. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007). The record reflects that the case was conceptually straightforward and that the district court considered the evidence and the arguments presented by defense counsel. Therefore, the district court was not required to give extensive reasons for the sentence imposed. See id. at 2469. Carvajal has not shown that the district court abused its discretion in imposing the 210-month sentence within the applicable guidelines range or that the sentence was unreasonable. See Gall v. United States, 128 S. Ct. 586 (2007).

Carvajal argues for the first time on appeal that, based on the facts of this case, the district court erred in finding that he was a leader or organizer of the offense and in increasing his offense level pursuant to U.S.S.G. § 3B1.1(a). The Government argues that this issue is foreclosed because it is beyond the scope of the remand order. We agree. See United States v. Marmolejo, 139 F.3d 528, 531 (5th Cir. 1998). Nor has Carvajal attempted to show that applying the mandate rule would result in a manifest injustice. See United States v. McCrimmon, 443 F.3d 454, 459 (5th Cir.), cert. denied, 547 U.S. 1120 (2006).

AFFIRMED.