# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-41038
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LUZ STELLA TALERO,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:02-CR-74-3

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Luz Stella Talero received a prison sentence of 160 months after pleading guilty to conspiracy to possess with the intent to distribute one kilogram or more of heroin and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. Because the district court sentenced Talero before the Supreme Court handed down its decision in United States v. Booker, 543 U.S. 220 (2005), the case was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remanded for resentencing under the now advisory Federal Sentencing Guidelines scheme. On remand, Talero received a prison sentence of 151 months, a sentence she now appeals.

Talero argues that the district court erred in failing to award her credit for acceptance of responsibility under U.S.S.G. § 3E1.1. Because Talero did not raise this issue in her original appeal and does not argue now that she was unable to raise it then, this issue is foreclosed and beyond the scope of the remand order unless the exception to the mandate rule applies. See United States v. Lee, 358 F.3d 315, 323 (5th Cir. 2004) (noting that issues "not raised in the appeals court, which could have been brought in the original appeal," are deemed waived (citation omitted)); United States v. Marmolejo, 139 F.3d 528, 530-31 (5th Cir. 1998) (stating that only the "discrete, particular issues identified by the appeals court for remand are properly before the resentencing court"). "Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." Lee, 358 F.3d at 321. The mandate rule also "bars litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." Id.

The mandate rule, "which is but a specific application of the general doctrine of law of the case[,]" has the same exceptions as law of the case: "(1) [t]he evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice." United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002). Talero contends that the third exception to the mandate rule applies and argues that the district court's finding that she had not accepted responsibility was both clearly erroneous and manifestly unjust. The district court's factual findings are not clearly erroneous

unless they are implausible in light of the record as a whole. United States v. Griffith, 522 F.3d 607, 612 (5th Cir. 2008).

Talero concedes that her guilty plea does not automatically entitle her to credit for acceptance of responsibility. See United States v. Patino-Cardenas, 85 F.3d 1133, 1135 (5th Cir. 1996) (stating that a defendant is not entitled to credit for acceptance of responsibility simply for pleading guilty). Moreover, as the presentence report indicates, there is overwhelming evidence in the form of phone intercepts and interviews of co-defendants that Talero was intimately involved in the conspiracy as a leader and organizer of the drug trafficking business. However, at the original sentencing hearing, Talero testified that although she knew about the transportation and distribution of the drugs and even participated in selling some of the drugs, she did not have a leadership position. Instead, she maintained that her role was mostly limited to relaying messages. Similarly, Talero denied knowing Miguel Sines, and employing him to transport drugs, even though she had stated in her objection to the presentence report that "[I] clearly admit[] to knowing and employing Sines to move the cocaine." At the conclusion of Talero's testimony, the district judge noted, "[Talero] has attempted in every way I know . . . to minimize her involvement in this offense."

The district court concluded that based on a "preponderance of the credible evidence . . . [Talero] has not, in fact, accepted responsibility within the meaning of the [G]uidelines." In light of the record as a whole, the district court's finding that Talero had not accepted responsibility was not clearly erroneous and was not manifestly unjust. Accordingly, the mandate rule applies, and the issue of acceptance of responsibility is foreclosed and beyond the scope of the remand order.

For the foregoing reasons, the district court's judgment is AFFIRMED.