# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2014

Lyle W. Cayce
Clerk

No. 13-41113
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE RAFAEL CHAVIRA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-396-8

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

In his second appeal, Jose Rafael Chavira challenges the 135-month sentence, imposed on remand, following his conviction for possession, with intent to distribute, over 1000 kilograms of marijuana. *See United States v. Chavira,* 530 F. App'x 330 (5th Cir. 2013). On Chavira's first appeal, this matter was remanded for resentencing because the district court erred by

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-41113

holding Chavira accountable for cocaine found in an attic and including that cocaine in the drug-quantity calculation. *Id.* at 332–35.

Chavira contends the district court erred in applying a two-level firearms enhancement and by determining he was not eligible either for safety-valve relief or a minor-role reduction. He also contends the court erred by not addressing these issues at resentencing and by not conducting a *de novo* resentencing hearing on remand.

Chavira's claims regarding the firearms enhancement and the safety-valve and minor-role adjustments were not raised in his original appeal and are, pursuant to the mandate rule, beyond the scope of our remand. *See United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008) (explaining "an objection to a sentence must be appealed for the district court, on remand, to have authority to revisit it"); *United States v. Lee*, 358 F.3d 315, 323 (5th Cir. 2004); *United States v. Marmolejo*, 139 F.3d 528, 530–31 (5th Cir. 1998). Chavira has not demonstrated these claims fall within an exception to the mandate rule. *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). Therefore, the claims in this second appeal will not be considered.

AFFIRMED.