# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-10279

————

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

WILLIAM RANDOLPH TISDALE, JR.; HUBERT JONES, III; LENDELL BEACHAM,

      Defendants - Appellants

--------------------------------------
consolidated with
16-10495
--------------------------------------

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JERMAINE FREDERICK FRAZIER,

      Defendant - Appellant

————

Appeals from the United States District Court
for the Northern District of Texas
Nos. 3:09-CR-247-2 & 3:09-CR-247-10

————

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

Nos. 16-10279 & 16-10495

PER CURIAM:*

Jermaine Frederick Frazier, William Randolph Tisdale, Jr., Hubert Jones, III, and Lendell Beacham (collectively, "Appellants") appeal their respective orders of restitution for the second time. We AFFIRM the orders of restitution because the district court correctly interpreted and complied with this court's mandates.

This court previously summarized the facts relevant to this appeal. *See United States v. Frazier*, 577 F. App'x 271, 271–72 (5th Cir. 2014) (*Frazier I*) (deciding Frazier's first appeal); *United States v. Beacham*, 774 F.3d 267, 271–72 (5th Cir. 2014) (deciding Tisdale, Jones, and Beacham's first appeal). Appellants participated in a mortgage fraud scheme involving multiple fraudulent real estate transactions. *Frazier I*, 557 F. App'x at 272; *Beacham*, 774 F.3d at 271–72. Frazier pleaded guilty to conspiracy to commit wire fraud. *Frazier I*, 557 F. App'x at 272. Tisdale, Jones, and Beacham were convicted by a jury of various counts of conspiracy, bank fraud, and wire fraud. *Beacham*, 774 F.3d at 271–72. The district court sentenced Appellants to serve varying terms of imprisonment and pay varying amounts of restitution. *Frazier I*, 557 F. App'x at 272; *Beacham*, 774 F.3d at 271–72.

Frazier challenged only the order of restitution in his first appeal. *See Frazier I*, 557 F. App'x at 272. This court determined that the district court plainly erred in calculating restitution because it failed to consider whether the mortgages were resold on the secondary market. *Id.* at 273. We vacated the restitution order and remanded to the district court for resentencing. *Id.* at 275.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

Nos. 16-10279 & 16-10495

In Tisdale, Jones, and Beacham's first appeal, they challenged the sufficiency of the evidence supporting their convictions and the sentences imposed by the district court. *Beacham*, 774 F.3d at 272, 276, 278. This court affirmed their convictions, but we held that "the district court abused its discretion by using the original loan amounts to calculate restitution" for lenders whose mortgages were resold on the secondary market. *Id.* at 279. Because it was "unclear whether the district court weighed the restitution awards" in determining Appellants' terms of imprisonment or lack of penal fines, we "vacate[d] the sentences in their entirety" and remanded "for resentencing consistent with this opinion." *Id.* at 279–80.

On remand, the district court interpreted the scope of this court's mandates as limited to "the narrow issue of the mortgages that were sold on the secondary market" and "the restitution amount calculated on these loans that were purchased in the secondary market"; the district court did not consider Appellants' unrelated objections. The district court then excluded the value of the mortgages sold on the secondary market from its restitution calculations and imposed lower amounts of restitution. As to Tisdale, Jones, and Beacham, the district court re-imposed the original terms of imprisonment and supervised release, which they do not appeal.

Appellants argue that the district court erred in interpreting this court's mandates and abused its discretion in imposing the orders of restitution. We review *de novo* the district court's interpretation of the scope of the remand order. *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004). "To determine whether the district court complied with the mandate rule, we must determine the meaning of the . . . mandate." *United States v. Matthews*, 312 F.3d 652, 658 (5th Cir. 2002). "This court has adopted a restrictive rule for interpreting the scope of the mandate in the criminal resentencing context." *Id.* (citing *United States v. Marmolejo*, 139 F.3d 528 (5th Cir. 1998)). On remand, the district

3

court "may consider only that which we direct-no more, no less." *United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006) (citing *Marmolejo*, 139 F.3d at 530–31).

This court focused its analysis in *Frazier I* exclusively on the district court's failure to exclude resold mortgages from the restitution amount. *See* 577 F. App'x at 273. We held that the district court plainly erred because it did not "account for whether the mortgages were resold" or "for secondary mortgage markets." *Id.* In *Beacham*, this court vacated Appellants' sentences and remanded for resentencing for the same reason—because the district court abused its discretion by including in its restitution calculations the original loan amounts of mortgages resold on the secondary market. 774 F.3d at 279.

The district court complied with the mandates on remand by excluding the value of any resold mortgages from the orders of restitution. Given the restricted scope of this court's decisions in *Frazier I* and *Beacham*, the district court correctly limited its consideration during resentencing to "the narrow issue of the mortgages that were sold on the secondary market."

Because the district court properly interpreted and complied with our mandates, we AFFIRM the orders of restitution.

4