# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2023

Lyle W. Cayce
Clerk

No. 22-10159

United States of America,

*Plaintiff—Appellee*,

*versus*

Victor Manuel Solorzano,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-283-1

---

Before Higginbotham, Smith, and Engelhardt, *Circuit Judges*.
Per Curiam:

Victor Solorzano was sentenced to statutory mandatory-minimum sentences of 10 and 25 years as part of a total 567 months' imprisonment. He appealed. While his appeal was pending, the First Step Act was signed into law. In relevant part, the new law (a) decreased the mandatory minimum of 25 years in cases, like Solorzano's, where the predicate convictions were part of the same criminal proceeding and (b) retroactively applied that decrease to all offenses for which "a sentence for the offense has not been imposed as of such date of enactment." Pub. L. 115–391, § 403(b), 132 Stat. 5221. This Circuit affirmed his conviction but vacated his sentence on plain error

No. 22-10159

review. *See United States v. Solorzano*, 832 F. App'x 276, 283 (5th Cir. 2020) ("*Solorzano I*"). On resentencing, the district court declined to retroactively apply the decrease and left in place Solorzano's 25-year sentence for the relevant count. This appeal followed.

## Factual Background

Victor Solorzano was a target of a narcotics investigation in Dallas. As part of their investigation, law enforcement officers obtained permission to place a tracking device on Solorzano's car. A covert officer placed the tracking device on Solorzano's car and began to leave when Solorzano emerged from his residence with his rifle at the ready and shouted at the officer. After attempts to verbally engage seemed to fail, the officer ran towards his partner's vehicle and Solorzano opened fire. Solorzano shot the officer in the left hand and left ankle, but the officer was able to climb into his partner's vehicle and the two drove off despite gunshot damage to the vehicle. Solorzano was subsequently arrested.

## Procedural History

In a six-count indictment, Solorzano was charged with: (*Count 1*) possession with intent to distribute a controlled substance, (*Count 2*) possession of a firearm in furtherance of a drug trafficking crime, (*Count 3*) assault on a federal officer (that is, the officer who planted the tracker), (*Count 4*) using carrying, brandishing, and discharging a firearm during and in relation to a crime of violence (namely, Count 3), (*Count 5*) assault on a federal officer (that is, the driver), and (*Count 6*) using carrying, brandishing, and discharging a firearm during and in relation to a crime of violence (namely, Count 5). After a jury trial, Solorzano was found guilty as to Counts 1, 3, 4, 5, and 6 and not guilty as to Count 2.

No. 22-10159

At sentencing, the district court sentenced Solorzano to 147 months' imprisonment for his convictions on Counts 1, 3, and 5.[1] As required by statute, Solorzano was sentenced to a consecutive ten years for his conviction on Count 4 and a further consecutive 25 years for his conviction on Count 6. Solorzano timely appealed.

On appeal, this court affirmed Solorzano's conviction, holding that he had neither demonstrated error on a Fourth Amendment issue nor successfully demonstrated that the evidence was insufficient for a finding of guilt. *See Solorzano I*, 832 F. App'x at 279-81. However, the panel held that, since Solorzano did not know that he was firing at federal officers, he "was not motivated by [their] official status," and so the district court plainly erred in imposing a particular enhancement. *Id.* at 282. The court "thus vacate[d] Solorzano's sentence on Counts 3 and 5 and remand[ed] so that he may be resentenced." *Id.* at 283. Notably, the court rejected an argument that the then-newly-enacted First Step Act applied to nullify the mandatory 25-year sentence as to Count 6. Relying on precedent, the court noted that "'A sentence is 'imposed' when the district court pronounces it, not when the defendant exhausts his appeals.'" *Id.* at 284 (quoting *United States v. Gomez*, 960 F.3d 173, 177 (5th Cir. 2020)). The court therefore "affirm[ed] the district court's sentence on Count 6." *Id.* The opinion ended: "Based on the foregoing, Solorzano's conviction is AFFIRMED. Because the district court plainly erred in applying the sentence enhancement under § 3A1.2(b) for Counts 3 and 5, Solorzano's sentence is VACATED. We REMAND for resentencing consistent with this opinion." *Id.*

---

[1] The court initially sentenced Solorzano to 156 months on these counts but took nine months off that pronouncement in consideration of time spent in state custody.

On remand, the district court stated that he "believes that the Fifth Circuit's opinion was explicit as to what the Court had to do," namely resentence as to Counts 3 and 5 and leave the rest untouched. So, over objections from Solorzano's counsel, the court decided that it had no authority to revisit the 10-year sentence as to Count 4 and the 25-year sentence as to Count 6. However, having accounted for the length of time encompassed by those two sentences and the defendant's post-conviction rehabilitation efforts, the court varied downwards from the guidelines and sentenced Solorzano to 60 months as to Counts 1, 3, and 5.[2] Solorzano again appealed.

## Discussion

Solorzano challenges the re-imposition of the mandatory-minimum sentences on three grounds: first, that the district court misinterpreted the mandate of *Solorzano I*, second, that the district court erred in not applying the First Step Act, and third, that the district court erred in not considering the First Step Act under the 3553 sentencing factors. As we determine the case on the first of these challenges, we do not reach the latter two.[3]

"We review *de novo* whether the trial court faithfully and accurately applied our instructions on remand." *Sobley v. S. Nat. Gas Co.*, 302 F.3d 325, 332 (5th Cir. 2002). Solorzano contends that the district court erred in believing that the mandate bound it to maintain the mandatory minimum sentences as to Counts 4 and 6. Unfortunately, *Solorzano I* is less than clear.

---

[2] As the original sentence was bundled as to these three counts, all parties agreed that the court had to re-sentence as to all three despite the Fifth Circuit's language of vacating as to Counts 3 and 5 only. *See infra*, n.4.

[3] To the extent that the argument concerning the 3553(a) factors is independent of the other two issues, we find that Solorzano has not shown error, plain or otherwise, in the district court's discussion of the issue.

In the section which discusses the error, the opinion reads: "[w]e thus vacate Solorzano's sentence *on Counts 3 and 5* and remand so that he may be resentenced under the appropriate Guidelines." *Solorzano I*, 832 F. App'x at 283 (emphasis added). In another section, it is stated: "we affirm the district court's sentence on Count 6." *Id.* at 284. But the conclusion is more sweeping: "Because the district court plainly erred in applying the sentence enhancement under § 3A1.2(b) for Counts 3 and 5, Solorzano's sentence is VACATED. We REMAND for resentencing consistent with this opinion." *Id.* The interpretive challenge is as follows: the body of the opinion suggests that only part of the sentence was vacated, while the conclusion suggests that it all was.

Solorzano attempts to sidestep the interpretive challenge by suggesting that "the intervening law exception" should apply. A district court may forgo faithful application of the mandate in one of three circumstances: "(1) Introduction of evidence at a subsequent trial that is substantially different; (2) an intervening change in controlling authority; and (3) a determination that the earlier decision was clearly erroneous and would work a manifest injustice." *United States v. Pineiro*, 470 F.3d 200, 205-06 (5th Cir. 2006) (citation omitted). Here, Solorzano claims that the enactment of the First Step Act is "an intervening change in controlling authority." *Id.* at 205. Not so. The intervening change in law must occur "between the issuance of our remand mandate . . . and . . . resentencing on remand." *Id.* at 207. The First Step Act was enacted well before the decision in *Solorzano I*, so it is not an "intervening" change in authority. And while Solorzano claims that "there has been a significant change in the overall attitude towards the [First Step] Act and its overall applicability to criminal defendants" since *Solorzano I*, his briefing identifies no *controlling* authority by which the district court was bound.

"This court has adopted a restrictive rule for interpreting the scope of the mandate in the criminal resentencing context." *United States v. Matthews*, 312 F.3d 652, 658 (5th Cir. 2002) (citation omitted). This restrictive rule mandates that "only those discrete, particular issues identified by the appeals court for remand are properly before the resentencing court." *Matthews*, 312 F.3d at 658 (quoting *United States v. Marmolejo*, 139 F.3d 528, 530 (5th Cir. 1998)). Moreover: "The only issues on remand properly before the district court are those issues arising out of the correction of the sentence ordered by this court. In short, the resentencing court can consider whatever this court directs – no more, no less. All other issues … which could have been brought in the original appeal[] are not proper for reconsideration." *Marmolejo*, 139 F.3d at 531. *Solorzano I* explicitly identified one "discrete, particular issue[]," *id.* at 530, for the district court to correct: improper application of an enhancement to Counts 3 and 5. *See Solorzano I*, 832 F. App'x at 282-83. Despite the inexact language of the conclusion, the district court was thus correct in determining that the mandate of *Solorzano I* encompassed only Counts 3 and 5.[4] Therefore, the district court correctly declined to reach the question of whether or not the First Step Act's retroactivity provision would change the mandatory minimums Solorzano faced.

## Conclusion

Accordingly, we AFFIRM the district court's sentence.

---

[4] The district court was also correct to note that it needed to reconsider the sentence as to Count 1, even though it was untouched in *Solorzano I*. This is because Solorzano's sentence was bundled as to Counts 1, 3, and 5. *See United States v. Clark*, 816 F.3d 350, 360 (5th Cir. 2016) (citation omitted). Counts 4 and 6, however, ran consecutively to any sentence imposed for Counts 1, 3, and 5, and were thus unbundled and not part of the mandate.