# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2010

No. 09-50981
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRY MICHAEL MILLER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-125-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Terry Michael Miller was convicted by a jury of two counts of assaulting a federal officer in violation of 18 U.S.C. § 111(a) and (b). Miller was sentenced to 240 months of imprisonment on both counts, with 60 months on count two to run consecutively, for a total term of imprisonment of 300 months and three years of supervised release on both counts to run concurrently. The district court ordered Miller to pay $3,000 in restitution to the victim named in count one. On appeal, we determined that the counts were multiplicitous for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing purposes, vacated and remanded Miller's sentence to correct this error, and affirmed the judgment in all other respects. *United States v. Miller*, 576 F.3d 530, 531 (5th Cir.), *cert. denied*, 130 S. Ct. 652 (2009).

At resentencing, the district court selected count one as the count of conviction, sentenced Miller to 240 months of imprisonment and three years of supervised release, and ordered him to pay a $25,000 fine and $3,000 in restitution to the victim. Miller contends that the district court violated the mandate rule by imposing the fine because the error identified by this court did not affect the district court's prior decision not to impose a fine.

"The only issues on remand properly before the district court are those issues arising out of the correction of the sentence ordered by this court." *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998). Our prior determination that the counts were multiplicitous did not make the district court's previous finding that Miller was unable to pay a fine "newly relevant." *United States v. Lee*, 358 F.3d 315, 326 (5th Cir. 2004). Therefore, the district court violated the mandate rule by imposing the fine. We exercise our discretion to correct this forfeited error because it is clear or obvious, affects Miller's substantial rights, and "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

Miller also challenges the district court's calculation of the offense level and the factual basis of the restitution award. Failure to raise an issue in an initial appeal constitutes waiver of that issue "unless 'there was no reason to raise it in the initial appeal.'" *United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008) (quoting *Lee*, 358 F.3d at 324). The specific offense-level calculations that Miller complains of and the factual sufficiency of the restitution award were germane to the first appeal, and our mandate did not "breathe[] life" into these issues. *See id.* at 611. Therefore, Miller should have raised these issues in the first appeal. *See id.* at 610-11. By failing to do so, Miller waived consideration

2

of them. *See id.*; *see also United States v. Rodriguez*, 602 F.3d 346, 350 (5th Cir. 2010).

Miller contends that his 240-month sentence is substantively unreasonable because it is more severe than other sentences imposed for violating § 111 and because the district court gave undue weight to his criminal history. Miller was convicted of attempting to run over law enforcement officers who were attempting to execute a warrant. Miller's extensive 32-year criminal history included but was not limited to attempted murder, engaging in organized criminal conduct, burglary of a building, several thefts, several burglaries of a habitation, and family violence assault.

In light of Miller's criminal history and pattern of recidivism, as well as the district court's finding that the maximum sentence was necessary to promote the goals of the sentencing factors set forth in 18 U.S.C. § 3553(a), Miller has not rebutted the presumption of reasonableness that applies to his within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir. 2008). Thus, he has not shown error, plain or otherwise, with respect to the 240-month sentence.

The judgment of the district court is VACATED with respect to the imposition of the fine and AFFIRMED in all other respects.