## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 11, 2012

No. 11-40648
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENITAN OSAGIE ISIWELE,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-CR-163-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges

PER CURIAM:[*]

Enitan Osagie Isiwele appeals the 78-month sentence imposed on remand following his convictions for health care fraud and conspiracy to pay kickbacks in connection with a scheme to fraudulently bill Medicare/Medicaid for power wheelchairs. *See United States v. Isiwele*, 635 F.3d 196, 198 (5th Cir. 2011). We remanded the case to the district court because the district court's method for determining the loss amount attributable to Isiwele under U.S.S.G. § 2B1.1(b)(1) required clarification. *Id.* at 198.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40648

Isiwele, proceeding pro se, contends that the district court violated Federal Rule of Criminal Procedure 32 because it failed to make any factual finding with respect to whether the $3,600 he received for Doris Becks's power wheelchair was fraudulently obtained and that the district court failed to properly calculate the loss amount and restitution owed because it did not reduce those amounts by the $3,600 reimbursed for Becks's wheelchair and by $50,000 for work he performed "which has been held up since the beginning of the case." In addition, he argues that the district court erred as a matter of law when it recalculated the loss amount under § 2B1.1 because it did not make an independent factual determination and instead deferred to the jury's factual finding in the forfeiture proceeding.

Isiwele's arguments that the loss amount and the amount of restitution owed should be reduced by $3,600 and $50,000 were not raised in his original appeal, and are, pursuant to the mandate rule, beyond the scope of our remand. *See United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008); *United States v. Lee*, 358 F.3d 315, 323 (5th Cir. 2004); *United States v. Marmolejo II*, 139 F.3d 528, 531 (5th Cir. 1998). Isiwele has not demonstrated that these arguments fall within an exception to the mandate rule. *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). These arguments will therefore not be considered in this subsequent appeal.

We review Isiwele's argument that the district court violated Rule 32 and his challenge to the district court's methodology for calculating the loss based upon the forfeiture verdict for plain error as he did not raise those objections in the district court. *See United States v. Reyna,* 358 F.3d 344, 349-50 (5th Cir. 2004) (en banc). To establish reversible plain error, Isiwele must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). This court retains discretion to correct reversible plain error and generally will do so only if it seriously affects "the fairness, integrity, or public reputation of the proceedings." *Id.*

2

No. 11-40648

As the issue concerning the $3,600 reimbursement for Becks's wheelchair was abandoned in Isiwele's original appeal and was beyond the scope of the remand, the district court did not need to make a factual finding with respect to that objection at resentencing. The district court nevertheless considered the issue and did in fact make a finding with respect to that objection by crediting the information in the presentence report (PSR) and the jury's finding concerning loss over Isiwele's conclusory and unsupported assertion that the reimbursement for Becks's wheelchair was legitimate. Isiwele has not demonstrated any plain error with respect to his challenge under Rule 32. *See* FED. R. CRIM. P. 32(i)(3)(B).

Given the information in the PSR and the jury's finding in the forfeiture proceeding, the sentencing court made a reasonable estimate of loss under § 2B1.1(b)(1), and Isiwele has not shown that the district court's methodology for calculating the loss was clear or obvious error. *See Isiwele*, 635 F.3d at 203; *United States v. Ford*, 558 F.3d 371, 377 (5th Cir. 2009); *United States v. Jones*, 475 F.3d 701, 705 (5th Cir. 2007). Although Isiwele has submitted supplemental exhibits with his appellate brief to this court that purportedly support his argument that Becks's reimbursement was nonfraudulent, we do not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of its ruling. Because we do not conclude that this case should be remanded, we do not consider Isiwele's request that his case be reassigned to a different district court judge.

Isiwele's sentence is AFFIRMED. All outstanding motions are DENIED.