**REVISED OCTOBER 25, 2012**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 12-20412

**United States Court of Appeals
Fifth Circuit**

**F I L E D**

October 24, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KOLAWOLE ONENESE; RAMONI ALADE MATTI,

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-538

Before JOLLY, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

A jury convicted defendants Ramoni Alade Matti and Kolawole Onenese
for conspiracy to commit bank fraud,[1] aiding and abetting bank fraud,[2] and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] 18 U.S.C. §§ 1344, 1349.

[2] 18 U.S.C. §§ 2, 1344.

No. 12-20412

aggravated identity theft.[3]    On appeal, Matti and Onenese challenge the sufficiency of the evidence supporting their convictions as well as the fifty-victim sentencing enhancement that both received.[4]    Matti also argues that he is entitled to a mitigating role sentencing reduction and that the district court wrongly denied his motion to sever.[5]    We affirm all of the district court's rulings except for the fifty-victim sentencing enhancement, which we hold is not adequately supported by the record.

## I.

There was clearly sufficient evidence to convict Matti and Onenese.    The standard of review for a sufficiency of the evidence challenge is whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original).    Bank surveillance footage caught both defendants in the act of extracting money from fraudulent accounts.    They were later arrested in a small apartment teeming with digital and hard copy documents suggesting they were in the identity theft business.    Both men partially confessed after having waived their *Miranda* rights.    We hold that the jury verdict is sustained because there is "substantial evidence, taking the view most favorable to the Government." *United States v. Achobe*, 560 F.3d 259, 263 (5th Cir. 2008) (internal quotations omitted).

Additionally, we affirm the district court's ruling that Matti is not a "minor participant" in the enterprise who is "substantially less culpable than the average participant."  USSG § 3B1.2(b) cmt. n. 3(A).  The district court's finding

---

[3] 18 U.S.C. §§ 2, 1028A.

[4] USSG § 2B1.1(b)(2)(B).

[5] USSG § 3B1.2(b); FED. R. CRIM. P. 14(a).

No. 12-20412

that Matti was not a "minor participant," and thus not entitled to a mitigating role sentencing adjustment, is a factual determination reviewed for clear error. *See United Sates v. Gayton*, 74 F.3d, 545, 561 (5th Cir. 1996). "A minor participant must be peripheral to the advancement of the criminal activity." *United States v. Martinez-Larrage*, 517 F.3d 258, 272 (5th Cir. 2008). Matti argues that there is no evidence that he did more than withdraw money from an ATM in a single fraudulent transaction. But this argument overlooks the countless documents relating to identity theft that littered his apartment and computer at the time of his arrest. His apartment was at the heart of the conspiracy, not its periphery.

Furthermore, we hold that the district court did not abuse its discretion in denying Matti's motion to sever. The denial of severance is reviewed for abuse of discretion. *United States v. Erwin*, 793 F.2d 656, 665 (5th Cir. 1986). Federal Rule of Criminal Procedure 14 allows the courts the discretion to sever joinder if joinder appears to prejudice the defendant. FED. R. CRIM. P. 14(a). Establishing an abuse of discretion in denying a motion to sever requires a defendant to show that "(1) the joint trial prejudiced him to such an extent that the district court could not provide adequate protection; and (2) the prejudice outweighed the government's interest in economy of judicial administration." *United States v. Snarr*, 704 F.3d 368, 396 (5th Cir. 2013). The defendant must also show prejudice that is both specific and compelling. *Erwin*, 793 F.2d at 665.

The district court had good reasons to try Matti and Onenese together. As we have stated, "[o]rdinarily, defendants who are indicted together should be tried together." *Id*. Both Matti and Onenese were named in the same indictment. Any prospect of compelling prejudice in this case was mitigated by the jury instructions to "give separate consideration to the evidence as to each defendant."

No. 12-20412

Matti makes much of *Bruton v. United States*, 391 U.S. 123 (1968), where the Supreme Court held that admitting third party testimony about a confession of a co-defendant in a joint trial deprives the non-confessing defendant of the right to cross-examination secured by the Sixth Amendment. *Id.* at 126. Matti argues that *Bruton* applies to the postal inspector's testimony that Onenese confessed to an identity theft scheme involving a Canadian identity thief. However, *Richardson v. Marsh*, 481 U.S. 200 (1987) later cabined *Bruton* to facially incriminating confessions – that is, confessions naming the non-confessing defendant. *Id.* at 211. *Bruton* does not apply to Onenese's confession because it does not name Matti.

## II.

Where the district court erred is applying the fifty-victim sentencing enhancement based on insufficient evidence. The district court is "entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range . . . ." *United States v. Mares*, 402 F.3d 511, 519 (2005). The district court's factual findings relating to Sentencing Guidelines are reviewed for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

At issue is USSG § 2B1.1(b)(2)(B), a four-level enhancement for offenses that involve more than fifty victims. The Sentencing Guidelines' notes make clear that, for cases involving "means of identification," a victim is: a) any person sustaining an actual loss when the cumulative loss the offense causes is more than $5,000; b) any individual sustaining bodily injury as a result of the offense; or c) "any individual whose means of identification was used unlawfully or without authority." USSG § 2B1.1 cmt. n.1, 4(E).[6]

---

[6] "Means of identification" are names and numbers such as social security numbers or dates of birth that are used to identify individuals. USSG § 2B1.1 cmt. n. 1; 18 U.S.C. § 1028(d)(7)(A).

No. 12-20412

For the third class of victims, an individual's means of identification must actually be "used" for that individual to count as a victim.  This is contrasted with "possession" of means of identification used elsewhere in the Sentencing Guidelines.  *See, e.g.*, USSG § 2B1.1(b)(11).  The Government has consistently maintained that an orange notebook found in Matti's apartment supports the fifty-victim sentencing enhancement.   This notebook contains personal information such as birth dates, social security numbers, and addresses of approximately one hundred people.

We find that it was clear error to rely on the Government's argument that the orange notebook indicates that there were more than fifty victims.  There is simply little to no evidence in the record suggesting that the defendants victimized all of the people listed in the notebook.  The Government conceded at trial that the defendants' conspiracy dated from December 2010 to June 27, 2011. The defendants' labor-intensive scheme involved sorting through victims' trashed mail and impersonating the victims over the phone.  It is unclear whether two defendants could have victimized more than fifty people in fewer than seven months.

Neither does the trial record support the fifty-victim enhancement.  In its brief, the Government cites a 200-page block of the record as supporting its victim count.  This citation does not resolve the specific questions attendant to the issue. The Government in its brief mentions only nineteen victims by name. If the Government cannot point to fifty identifiable victims who were in fact defrauded or whose identities were used, it should have conceded as much.  At the least, it should have responded to identified items in the record evidence, including the postal inspector's testifying that he had followed up with fifteen to twenty-five victims; or to the Chase Bank investigator suggesting that the defendants fraudulently applied for forty accounts but not specifying how many different names were used; or to the Government or its witnesses only naming

No. 12-20412

approximately twenty-six individuals and financial institutions as the defendants' victims. Such evidence clearly falls short of the fifty victims needed to support the enhancement.

## III.

We AFFIRM the convictions on all counts, VACATE the sentences on all counts and REMAND for resentencing that is not inconsistent with this opinion.