# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20331
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

KOLAWOLE MONDAY ONENESE,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-538

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Kolawole Monday Onenese appeals the 61-month, within-Guidelines sentence imposed by the district court on remand following this court's opinion in *United States v. Onenese*, 542 F. App'x 427 (5th Cir. 2013) (per curiam). The district court's interpretation of the scope of this court's remand order is a question of law that is reviewed de novo.[1] "The only issues on remand properly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004).

No. 14-20331

before the district court are those issues arising out of the correction of the sentence ordered by this court."[2]

As our remand was based upon our determination that a four-level increase pursuant to U.S.S.G. § 2B1.1(b)(2)(B) was not adequately supported by the record,[3] Onenese's challenges to the calculations of restitution and amount of intended loss go beyond the scope of our remand and were therefore barred from consideration by the district court.[4]  Although Onenese contends that *Marmolejo* was incorrectly decided, we are bound to follow it "[a]bsent an intervening Supreme Court or en banc decision or a change in statutory law."[5]

AFFIRMED.

---

[2] *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998).

[3] *Onenese*, 542 F. App'x at 429-30.

[4] *See Lee*, 358 F. 3d at 320-21; *Marmolejo* 139 F.3d at 531.

[5] *United States v. Treft*, 447 F.3d 421, 425 (5th Cir. 2006).